UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA, )
          )
     Plaintiff,  )
          )
  vs.       )  Cause No. 1:04-cr-0164-01 (M/F)
          )
ANTHONY WILLIAMS,   )
          )
     Defendant.  )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered

by the Honorable Larry J. McKinney, Judge, on June 17, 2010, designating this Magistrate Judge

to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed

with the Court on May 24, 2010, and to submit to Judge McKinney proposed Findings of Facts and

Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

Proceedings in this matter were held on June 18, 2010 and September 17, 2010, pursuant

to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*. [1] At both

hearings, the government appeared by Brant Cook, Assistant United States Attorney; the defendant

appeared in person with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community

Defender; and Troy Adamson, U. S. Parole and Probation officer, appeared and participated in the

proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted. *See*, Title 18 U.S.C. Section 3401(e)

On June 18, 2010, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Williams in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Williams and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Williams was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Williams would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Williams had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Williams had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on May 24, 2010.

7.  Mr. Williams stated his readiness to waive the preliminary hearing at each hearing regarding the Petition under consideration.  Mr. Williams then waived, in writing, the preliminary hearing and he was held to answer.

8.  Mr. Dazey stated that Mr. Williams would stipulate there is a basis in fact to hold him on the specification of supervised release numbered violation 1, paragraph 1 and as to numbered violation 2 set forth in the Petition, but not violation of supervised release numbered violation 1, paragraph 2.

9.  The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>The offender was arrested March 12, 2010, by the Muncie, Indiana, Police Department, for Operating a Vehicle While Intoxicated; Operating a Vehicle with a Blood Alcohol of .15 percent or greater; and Failure to Yield at an Intersection.  On April 13, 2010, he pled guilty to Operating a Vehicle with a Blood Alcohol of .15 percent or greater and an ordinance violation of Nuisance in Muncie City Court under docket number 18H01-1003-CM-00590.  He was sentenced to one year in jail suspended, one year probation in the alcohol and drug program, and 360 hours community service. |
| 2 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees as directed by the probation officer."**<br><br>On March 17, 2010, this officer met with the offender and he agreed to begin substance abuse treatment at Meridian Services in Muncie as a sanction for his Operating While Intoxicated charges.  He has failed to contact Meridian Services to begin treatment. |

Disposition of this case is held in abeyance until September 17, 2010.

10. The parties agreed to continue further proceedings until September 17, 2010. The proceedings were then adjourned pending the disposition hearing. The defendant was released on his own recognizance until September 17, 2010.

On September 17, 2010, the Court reviewed prior proceedings held June 18, 2010. Mr. Williams appeared in person with his court-appointed counsel, Bill Dazey. The government was not present; and Dave Schoettmer, U. S. Parole and Probation Officer, appeared and participated in the proceedings.

1. The Court took judicial notice of all substantive papers and pleadings in the clerk's file in this cause.

2. The disposition hearing was continued and held in abeyance. Defendant was released on his own recognizance.

On September 12, 2011, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed.

On October 3, 2011, the following proceedings were held:

1. The defendant appeared in person and with his court-appointed counsel, Mike Donahoe. The government appeared by Winfield Ong, Assistant U. S. Attorney; and U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the proceedings.

2. A copy of the September 12, 2011 Supplemental Petition for Revocation of Supervised Release was provided to Mr. Williams and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Williams was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending September 12, 2011 Supplemental Petition.

4. Mr. Williams was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Williams was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Williams was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Williams had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge.

7. Mr. Williams stated his readiness to waive the preliminary hearing regarding the September 12, 2011 Supplemental Petition under consideration. Mr. Williams then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Donahoe stated that Anthony J. Williams would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Supplemental Petition.

9. The government orally moved to dismiss all specifications of violations of supervised release set forth in the Supplemental Petition, and the Court **GRANTED** the same.

10. The parties stipulated the following in open Court:

(1) Mr. Williams has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

(2) The most serious grade of violation committed by Mr. Williams constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Williams is 7-13 months.

(4) The parties agreed on the appropriate disposition of the case as follows:

> *i.* Defendant is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day.

> *ii.* Upon completion of defendant's confinement, he will be subject to three years of supervised release, under the conditions imposed at sentencing.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Anthony J. Williams, violated the above-delineated conditions in the Petition.

Mr. Williams' supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, with three years of supervised release to follow. The service of the sentence shall begin immediately. The Court recommends that the defendant be designated to a federal correctional facility nearest to Indianapolis, Indiana.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Williams stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Williams entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Williams' supervised release and the sentence imposed of imprisonment of 12 months and 1 day in the custody of the Attorney General or his designee; that the defendant be designated to the federal correctional institution nearest to Indianapolis, Indiana. Upon completion of his confinement, Mr. Williams will be subject to three years of supervised release, under the conditions imposed at sentencing.

**IT IS SO RECOMMENDED** this 5th day of October, 2011.

 

 

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Michael Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service